2023 IL App (2d) 210339-U
No. 2-21-0339
Order filed February 15, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF JUSTINE A. PEKLO, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 14 D 1966 |
| JOHN C. PEKLO, | ) ) ) | Honorable Kenton J. Skarin, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1  *Held*: We affirm the trial court's decision to order respondent to pay petitioner's fees incurred in successfully defending respondent's postdissolution action to reduce maintenance. First, contrary to respondent's characterization, the trial court did not consider petitioner's success in the underlying action as a factor in deciding whether to shift fees, but only as a factor in deciding the amount of the fee award. Second, the decision to shift fees was not an abuse of discretion, because the parties' monthly incomes showed that petitioner could not reasonably afford to pay her fees but respondent could.

¶ 2  In a postdissolution-of-marriage proceeding, respondent, John C. Peklo, petitioned to reduce his maintenance obligation to petitioner, Justine A. Peklo. The trial court denied his petition. Petitioner then petitioned under section 508(a)(1) of the Illinois Marriage and Dissolution

of Marriage Act (Act) (750 ILCS 5/508(a)(1) (West 2020)) to require respondent to pay the attorney fees she incurred in defending his action. After a hearing, the trial court granted the petition. Respondent appeals, contending that (1) the court improperly based the award on the merits of his proceeding to reduce maintenance and (2) the award was improper given the parties' relative financial circumstances. We affirm.

¶ 3                              I. BACKGROUND

¶ 4      On January 13, 2016, the trial court dissolved the parties' marriage. The judgment awarded petitioner $815 in monthly maintenance and $1087 in monthly child support.

¶ 5      On March 18, 2019, respondent petitioned to reduce the maintenance award, based on changed circumstances.[1] See 750 ILCS 5/510(a) (West 2018). In general, he alleged that petitioner's income had increased substantially. On October 21, 2019, after a hearing,[2] the trial court granted petitioner a directed finding and denied the petition. Respondent moved to reconsider the judgment. On August 20, 2020, the court, on petitioner's motion, struck the motion to reconsider, without prejudice. Respondent did not refile the motion.

¶ 6      On September 2, 2020, petitioner petitioned for attorney fees she incurred to defend respondent's petition ($5340) and prepare the fee petition ($500). Respondent filed a response. On March 3, 2021, the trial court held a virtual hearing on the fee petition.

¶ 7      At the hearing, petitioner called respondent. The trial court admitted copies of his 2020 federal income tax return and IRS Form W-2, Wage and Tax Statement (W-2). The court also admitted a copy of respondent's financial affidavit, dated September 15, 2020. Respondent

---

[1]Originally, the petition also requested a decrease in respondent's support obligation for the parties' two children. Later, respondent voluntarily struck this request.

[2]The record contains no transcript (or substitute for a transcript) of the hearing.

testified that he worked at Minuteman International in 2020 and was still employed there. He had had no other employment, and his pay structure had not changed since January 1, 2021. His gross income for 2020 was $83,562.55, which included a bonus of between $3000 and $5000 before taxes. He owned a house with no mortgage and a fair market value of $235,000, the purchase price in January 2018. Respondent testified that his 2020 financial affidavit reflected his current expenses.

¶ 8    Petitioner testified that she resided in a house with the parties' two sons. She identified invoices from the law firm representing her in the postdissolution proceeding. She testified that the trial court continued the proceedings from January 19, 2021, to March 3, 2012, because respondent's counsel had serious health problems. From the date she filed her fee petition through January 21, 2021, she incurred an additional $1768.75 in fees.

¶ 9    The trial court admitted copies of petitioner's 2020 W-2 and her financial affidavit, dated October 30, 2020. She testified that the information in her financial affidavit was current. Petitioner testified that she worked at Pentair Filtration Solutions in 2020 and was still employed there. She had no other employment income. She received from respondent monthly maintenance of $815 and child support of $1087.

¶ 10    Respondent's financial affidavit disclosed the following. He owned (1) a house with a fair market value of $235,000 and no mortgage; (2) motor vehicles valued at $13,000; and (3) a 401(k) plan valued at $7500. His aggregate monthly gross income was $6783.76. His monthly deductions of $1617.14 and expenses of $2619.80 resulted in a monthly net income of $2546.82.

¶ 11    Petitioner's financial affidavit disclosed the following. She owned (1) a house with a fair market value of $320,000 and a balance due of $105,000; (2) cash or cash equivalents of $22,595.89; (3) motor vehicles valued at $16,000; and (4) retirement plans valued at $165,878.69.

Her monthly gross income, including maintenance and child support, was $7564.06. Her monthly deductions of $1237.46 and expenses of $4885.08 resulted in a net monthly income of $1441.52.

¶ 12     In her closing argument, petitioner noted that she had been granted a directed finding on respondent's petition to reduce maintenance. However, respondent failed to timely set a hearing on his motion to reconsider and the court dismissed the motion. As of August 25, 2020, petitioner had incurred attorney fees of $5340. Further, the continuances necessitated by the illness of respondent's counsel resulted in additional fees of $1768.75. Petitioner argued that, because respondent owned a residence worth $235,000 with no mortgage, had other assets that could be used to contribute to petitioner's fees, and had a gross income in 2020 of $83,562.55, he should have to pay her fees.

¶ 13     In his closing argument, respondent contended that the medical emergencies that caused the continuances were not a proper basis to award fees. He noted that petitioner owned a house with a net value of $215,000, a little less than the value of his house. Further, adjusting for maintenance and child support, respondent's gross income for 2020 was only $60,738.55. Respondent contended that, under section 508(a), petitioner had to show that requiring her to pay her own fees would undermine her financial stability, which she had not done.

¶ 14     The trial court stated:

> "Petitioner's financial affidavit [states that] her income and total gross monthly income, including the maintenance and child support that she receives, is $7,564.06 per month. *** It also shows total expenses of *** $4,635.08, which gives a difference on Page 6 of available income per month [of] $1,441.52."

¶ 15     After reviewing further financial data, the court continued:

"When I look at this, the gist of it is, I essentially have two parties who have relatively minimal ability to pay attorneys overall given their relatively modest incomes. They do have similar assets in terms of their housing ***.

\* \* \*

[T]he petitioner is not able to pay the entirety of her fees given the modest income that she has even taking into account the support and maintenance that she receives. *** [O]nce she's done paying her expenses, $1,441.52 per month *** it would be a significant burden to pay those amounts *** from that sum.

In addition, *** the Court does take into account the history of this case and the complete success obtained by [petitioner's attorney]. ***

The Court is again reevaluating [the record of the fees charged] and does conclude that those fees [of $5340] were reasonable and necessary and that they were particularly so in light of the success obtained."

¶ 16    However, the court declined to award the $1768.75 in further fees requested, explaining that the expenditure resulted from "acts of God rather than *** anything that either party attempted to do." Finally, the court awarded petitioner $600 for the fees incurred in connection with her fee petition, entering a judgment for a total of $5940.

¶ 17    Respondent moved to reconsider, contending that (1) section 508(a) of the Act did not make the success of a litigant a proper factor in deciding whether to award fees and (2) the award was unsupported by evidence that petitioner could not pay her own fees. At the hearing on the motion, the court rejected the argument that it should "ignore *** the history of the litigation including the outcome of the litigation in determining what is a reasonable amount of attorney[ ] fees." The court further denied that, "when the Court assesses a reasonable amount for *** the

other party's costs and attorney[ ] fees, *** the Court should entirely disregard the history of the litigation[.]" Therefore, the court denied respondent's motion. He timely appealed.

¶ 18                                           II. ANALYSIS

¶ 19    On appeal, respondent contends that (1) it was improper for the trial court to consider the underlying litigation result (respondent's proceeding to reduce maintenance) in determining whether to award fees to petitioner and (2) the court abused its discretion in shifting the payment of the fees to respondent without a basis to find that petitioner could not pay them herself.

¶ 20    Petitioner has not filed an appellee's brief. However, the issues are simple enough that we can decide the case without petitioner's input. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 21    To present the context for both of respondent's contentions of error, we set out the pertinent portion of section 508(a) of the Act:

> "(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees. Interim attorney's fees and costs may be awarded from the opposing party, in a pre-judgment dissolution proceeding in accordance with subsection (c-1) of Section 501 and in any other proceeding under this subsection [(750 ILCS 5/501(c-1) (West 2020))]. At the conclusion of any pre-judgment dissolution proceeding under this subsection, contribution to attorney's fees and costs may be awarded from the opposing party in accordance with subsection (j) of section 503 [(*id.* § 503(j))] and in any other proceeding under this subsection." 750 ILCS 5/508(a) (West 2020).

¶ 22    As pertinent here, section 503(j)(2) of the Act states, "Any award of contribution to one party from the other party shall be based on the criteria for division of marital property under this Section 503 and, if maintenance has been awarded, on the criteria for an award of maintenance under Section 504 [(750 ILCS 5/504(a) (West 2020)).]"

¶ 23    Respondent's first contention of error is that the trial court erred in assuming that the petitioner's success in court was a proper basis for shifting attorney fees. He notes that this purported basis does not appear in sections 503 and 504 of the Act as a criterion for distributing property and awarding maintenance. He notes further that, according to our supreme court, the overarching principle of section 508(a) is that a party seeking to require the other party to contribute to attorney fees "must establish that he or she is unable to pay his or her attorney fees and that the other party is able to do so." *In re Marriage of Heroy*, 2017 IL 120205, ¶ 30.

¶ 24    We agree with respondent's statement of the applicable law principles, but we do not read the trial court's comments as showing disregard for those principles. In its decision awarding petitioner fees, the trial court said it "[took] into account the history of this case and the complete success obtained by [petitioner's attorney] ***." Notably, the court said it considered petitioner's success in the underlying postdissolution proceeding on maintenance, but the court did not say it considered that success as a basis for shifting fees to respondent. Later, in denying respondent's motion to reconsider, the court clarified just how it considered the outcome of the underlying proceeding. The court explained that it would not "ignore *** the history of the litigation *** *in determining what is a reasonable amount of attorney*[ ] *fees*." (Emphasis added.) Thus, the court reasoned that, after finding a proper basis to shift fees, it could consider petitioner's successful defense of the underlying action in deciding what amount of fees was reasonable. Thus, the court

used petitioner's success not to decide whether to require respondent to contribute but only to decide how much was proper.

¶ 25     We turn to respondent's second claim of error: that the trial court abused its discretion in ordering him to pay petitioner's fees where the record did not reflect that petitioner could not pay them herself. Respondent argues that petitioner failed to show that she was any less able to pay the fees at issue than he was.

¶ 26     We will not disturb a trial court's award of fees unless the court abused its discretion. *In re Marriage of Vest*, 208 Ill. App. 3d 325, 332 (1991). Although the petitioning party must show a financial inability to pay, she need not show destitution, nor is she required to liquidate her assets to pay her own fees before making the required showing. *Id.* at 331-32.

¶ 27     Here, the trial court stated that both parties had relatively few resources to pay attorney fees. However, the court concluded that, given her smaller monthly net income—even after receiving child support and maintenance—petitioner could not reasonably afford to pay her fees in defending respondent's action. Respondent contends that this was unreasonable, as undisputed evidence showed that (1) after subtracting maintenance and child support, his yearly gross income was less than petitioner's and (2) petitioner's assets exceed his, given the greater value of her retirement plans and the similar net values of their residences.

¶ 28     We cannot say that the trial court abused its discretion in requiring respondent to pay the fees at issue. In considering the parties' respective abilities to pay, the court could focus on their monthly net incomes and properly discount their relatively illiquid assets, such as their residences and retirement plans, neither of which would likely provide a ready source of income. Respondent's monthly net income was slightly more than $1000 greater than petitioner's, and the court reasonably concluded that shifting fees was justified by the burden petitioner would incur

were she solely responsible for them. We do not hold that a different allocation would have been improper, but only that the trial court acted within its broad discretion.

¶ 29                                 III. CONCLUSION

¶ 30    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 31    Affirmed.